**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:08-cr-321** |
| **v.** | ) | |
| | ) | |
| **CLIFFORD ALEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM ORDER**</u>

Pending before the Court are the following motions filed by Defendant Clifford Aley:

MOTION TO SUPPRESS EVIDENCE (Document No. 30); MOTION TO COMPEL THE

GOVERNMENT TO PROVIDE DEFENDANT WITH A STATEMENT OF UNCHARGED

MISCONDUCT EVIDENCE (Document No. 31); MOTION TO SUPPRESS INTERCEPTED

TELEPHONE CALLS (Document No. 32); and MOTION TO DISMISS INDICTMENT

(Document No. 33).  The government filed responses in opposition to each motion (Document

Nos. 36-39).  The Court conducted a hearing and argument on September 10, 2009.

Subsequently, Defendant filed a supplemental brief in support of his motion to suppress

telephone calls (Document No. 45), to which the government has responded (Document No. 46).

The motions are now ripe for disposition.

<u>Factual Background</u>

Aley is charged in a two-count indictment at Crim. No. 08-321 with possession of two

unregistered firearms (a short-barreled shotgun and a "street-sweeper") from September 2005 -

February 2006, in violation of 26 U.S.C. § 5861(d).  As set forth in the Application and Affidavit

for Search Warrant prepared on February 22, 2006 by Special Agent Kevin Kauffman, Aley had

become a "person of interest" in a homicide investigation that had been ongoing since 2000.

On April 20, 2005, Aley was convicted in the Court of Common Pleas of Beaver County,

Pennsylvania of simple assault, a misdemeanor, and sentenced to two years probation for the use

of physical violence against his co-habitating girlfriend.  Affidavit ¶ 4.  In June 2005, Aley was

charged with three counts of hindering apprehension in connection with the homicide

investigation.  According to a confidential source, on July 3, 2005, Aley transported several

boxes of firearms from a trailer in Ohio to Houston Mini-Storage, Unit # 95, in Houston,

Pennsylvania.  Affidavit ¶ 7.  Aley turned himself in on July 5, 2005 and remained in custody in

the Mercer County Jail.  In January 2006, Aley was convicted of the charges for hindering

apprehension and sentenced to imprisonment for 18-48 months.  In February 2006, state police

obtained a judicial order which authorized them to retrieve recorded phone calls that Aley had

made from the Mercer County Jail.  During phone calls on January 5-6, 2006, Aley allegedly

stated that he needed to have certain items removed from Unit # 95 as quickly as possible.

Affidavit ¶ 9.

On February 22, 2006, the owner of Houston Mini-Storage opened Unit # 95 (with no

police present) to inventory the contents for possible sale because Aley was three months behind

in his rent and in default on his lease.  Pursuant to the rental agreement, following a default the

property in the storage unit is considered to be abandoned.   The owner saw several firearms.

Agent Kauffman opined that there was probable cause to believe that the storage unit contained

firearms, ammunition, related equipment and indicia of ownership "which are property that

constitutes evidence of the commission of a criminal offense; or are contraband, the fruits of

crime, or things otherwise criminally possessed; or are property designed or intended for use or which is or has been used as the means of committing a criminal offense, specifically Possession of a Firearm or Ammunition by a Person Convicted of a Misdemeanor Crime of Domestic Violence, in violation of Title 18, United States Code, Section 922(g)(9).

The Magistrate Judge issued the search warrant on February 22, 2006.  During the search, agents seized numerous legal firearms, as well as the two allegedly illegal firearms described in the instant indictment.  The Court will address the pending motions seriatim.

<u>Motion to Suppress Evidence</u>

Aley recognizes that in accordance with *United States v. Leon*, 468 U.S. 897 (1984), police officers may usually rely in good faith on a magistrate judge's issuance of a search warrant.  However, Aley contends that in this case, reliance on the warrant was not reasonable because there was deliberate and/or recklessly false material information in the affidavit.  Specifically, Aley argues that the only evidence of a crime was based on the averment that Aley had been convicted of a misdemeanor crime of domestic violence, when in actuality, Aley had been convicted of simple assault.  Aley argues that to serve as the predicate "misdemeanor crime of domestic violence" for a violation of 18 U.S.C. § 922(g)(9), the domestic violence must be an element of the offense.  Aley quotes the statutory language but does not cite any case law in support of this proposition.  Aley further argues that the agents violated the "Particularity Clause" of the Fourth Amendment by indiscriminately seizing all of the firearms found in the storage unit.

The government, in response, argues first that Aley has failed to establish that he had a

reasonable expectation of privacy in the storage unit to object to the search. The government argues that in any event, the application was truthful and was consistent with the legal test for a "misdemeanor crime of domestic violence" set forth in *United States v. Hayes*, 129 S.Ct. 1079 (2009). In essence, *Hayes* held that the "domestic relationship" was a fact that must be proven beyond a reasonable doubt, but was not an element of the predicate offense. *Id.* at 1082. Finally, the government contends that the warrant was sufficiently particular.

The Court agrees with the government. As an initial matter, Aley had defaulted on his rent payments and the terms of his rental agreement provided that upon default the contents of the storage unit would be deemed abandoned. Thus, Aley's expectation of continued privacy as to the storage unit was not objectively reasonable. *See United States v. Andujar*, 209 Fed. Appx. 162, 166-67 (3d Cir. 2006) (unpublished) (holding that the defendant had no reasonable expectation of privacy as to search of storage unit). Defendant did not dispute this conclusion during the oral argument.

Even assuming, arguendo, that Aley had a sufficient interest in the storage unit, he has failed to establish the "deliberate or reckless falsehood" exception to *Leon*. The affidavit clearly, and correctly, recited that Aley had been convicted of "Simple Assault." ¶ 4. Aley has not contested the truth of the averment that the assault was committed upon his co-habitating girlfriend. Paragraph 12 of the Affidavit does not make any false representations of fact, but merely indicates Agent Kauffman's belief that items would be found which would constitute, inter alia, a violation of § 922(g)(9). The holding in *Hayes* confirmed the interpretation of § 922(g)(9) which had previously been adopted by the vast majority of the Courts of Appeals. There is absolutely no reason to conclude that Agent Kauffman's understanding that the simple

4

assault described in ¶ 4 could serve as the predicate offense was deliberately or recklessly false. To the contrary, *Hayes* confirms that Agent Kauffman's understanding was correct.

Finally, the search warrant did not violate the Particularity Clause. The warrant sufficiently described the place to be searched and the items to be seized. The firearms at issue in this indictment were clearly within the scope of the warrant, which covered "any and all firearms," in addition to ammunition, indicia of ownership and "other evidence constituting proof of a violation of 18 U.S.C. § 922(g)(9)."

In accordance with the foregoing, Defendant's MOTION TO SUPPRESS EVIDENCE (Document No. 30) is **DENIED**.


Motion to Compel Disclosure of Uncharged Misconduct Evidence

Aley seeks an order to compel the government to provide a statement setting forth the nature, dates and places of occurrences of any offenses or acts of misconduct to be offered in evidence at trial and a proffer as to the relevance of such evidence. Aley cites the Fifth and Sixth Amendments and Fed. R. Evid. 104, 404(b) and 609.

The government responds that it has already provided extensive discovery material to Aley and notes that it is unclear whether Aley will exercise his right to trial. The government represents that it will provide notice of its intent to offer Rule 404(b) and Rule 609 evidence prior to any deadline which may be set forth in the trial scheduling order.

The Court agrees that the government cannot be compelled to disclose such information at this time. *See* Fed. R. Crim. P. 16. The Court accepts the government's representation that the applicable discoverable information will be produced in a timely manner.

In accordance with the foregoing, Defendant's MOTION TO COMPEL THE GOVERNMENT TO PROVIDE DEFENDANT WITH A STATEMENT OF UNCHARGED MISCONDUCT EVIDENCE (Document No. 31) is **DENIED WITHOUT PREJUDICE**.

Motion to Suppress Telephone Calls

Aley seeks to suppress the recordings of telephone calls which he made in January 2006, while incarcerated in the Mercer County Jail.  On February 16, 2006, state police officers obtained a court order to obtain the recordings of all intercepted phone calls involving Aley since July 5, 2005, the date when his incarceration commenced.  Apparently, only five phone calls were recorded and each has been provided to defense counsel.  Aley asks the government to specify which portions of the recorded calls it intends to offer into evidence.  In this motion, Aley argues that the recording and retention of phones calls made prior to the February 16, 2006 court order was not justified.

In his supplemental brief, Aley contends that the recorded phone calls must be suppressed pursuant to 18 U.S.C. § 2516(2) because the recordings were not made in conformity with the applicable state statute, 18 Pa.C.S.A. § 5704(14)(iv).  In essence, Aley reasons that Pennsylvania law requires inmate telephone calls be recorded only in accordance with promulgated guidelines, and since the Mercer County Jail was a new facility, written guidelines had not yet been formally adopted at the time Aley's calls were recorded.  Aley then attempts to distinguish the cases of *Virginia v. Moore*, 128 S. Ct. 1598 (2008) (violation of state law is not determinative of whether evidence must be suppressed for Fourth Amendment violation) and *United States v. Williams*, 124 F.3d 411, 425-28 (3d Cir. 1997) (disclosure of wiretapped calls to grand jury  in violation of Pennsylvania statute did not warrant suppression in federal prosecution).

The government points out that the telephone system in the jail provided multiple advance notice to users that phone calls by prisoners would be recorded: (1) a recorded message at the beginning of each call; (2) in the inmate handbook; (3) in a printed form which must be signed by each prisoner who chooses to use the phone system; and (4) by signs posted in the telephone area.  Thus, the government argues that Aley repeatedly consented to the telephone recordings and that he had no reasonable expectation of privacy when using the telephone.  The government further argues that the procedures at the Mercer County Jail complied with 18 U.S.C. § 2511(2)(c) (it is not unlawful to intercept calls where one of the parties has consented), such that any alleged failure to have complied with § 2516(2) is irrelevant.

The Court agrees with the government.  As the Court of Appeals for the Tenth Circuit explained in *United States v. Verdin-Garcia*, 516 F.3d 884, 893-95 (10th Cir. 2008), use of a prison telephone is a privilege rather than a right and a prisoner's choice – even a Hobson's choice – to use a monitored telephone implies his consent to be monitored.  *See also United States v. Morris*, 2008 WL 5188826 *3-4 (W.D. Pa. 2008) (explaining in detail why recording of prisoner phone calls did not violate constitutional rights).  It is abundantly clear that Aley consented to the recording of his telephone calls while imprisoned, and therefore, such recordings will not be suppressed.

In accordance with the foregoing, Defendant's  MOTION TO SUPPRESS INTERCEPTED TELEPHONE CALLS (Document No. 32) is **DENIED**.


<u>Motion to Dismiss Indictment</u>

Defendant contends that the indictment should be dismissed for two reasons: (1) pre-indictment delay; and (2) because the firearms were allegedly inoperable.  Specifically, Aley

argues that the delay made it impossible to obtain bond, due to detainers from other cases arising after February 22, 2006, and that the government waited until after Aley was questioned by state police in an unrelated case, in which he made admissions that will be offered in evidence against him in this case.

The parties disagree as to the legal standard that governs dismissal of an indictment. Defendant argues that he need only show: (1) that the government recklessly or deliberately delayed bringing the indictment; and (2) actual prejudice _or_ that the government did so to obtain a strategic advantage, citing *United States v. Lovasco*, 431 U.S. 783, 788-90 (1977), and *United States v. Marion*, 404 U.S. 307, 324-25 (1971).  The government takes issue with the legal test posited by Defendant, and cites *United States v. Beckett*, 208 F.3d 140, 150-51 (3d Cir. 2000), as authority that pre-indictment delay is actionable "only if he can show both (1) that the delay between the crime and the federal indictment actually prejudiced his defense; and (2) that the government deliberately delayed bringing the indictment in order to obtain an improper tactical advantage or to harass him."  In essence, as set forth in *Beckett*, "actual prejudice" is an essential element that must be proven by Defendant.  The Court agrees that *Beckett* sets forth the controlling test in this circuit.

The government further points out that the failure to obtain bond cannot constitute "prejudice" because it is unrelated to Aley's "defense."  The government also contends that providing an opportunity for Aley to be interviewed and to cooperate in another investigation was not prejudicial.  The government argues that the delay was not improper because the investigating police officer was deployed to Iraq from July 2006-May 2007, Aley was incarcerated at a distance of four hours away, and there were questions regarding whether certain items were to have been analyzed at a laboratory.  The government correctly points out that the

challenge to the operability of the firearms is a disputed factual issue that does not justify dismissal of the indictment.  *United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000).

At the hearing/argument, the government explained that it had no duty to introduce any evidence because Defendant has the initial burden to demonstrate actual prejudice.  Defendant did not disagree with this statement of law and represented that he had no such evidence. Accordingly, Defendant cannot meet his burden under *Beckett*.        The Court notes that in *Lovasco*, the Supreme Court recognized that it may be appropriate to delay indictment for many investigative reasons, including to exploit potentially fruitful sources of information, to ensure proof of guilt beyond a reasonable doubt and to pursue other criminal offenses.

In accordance with the foregoing, the MOTION TO DISMISS INDICTMENT (Document No. 33) is **DENIED**.

SO ORDERED this 19th day of October, 2009.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:     W. Penn Hackney, AFPD
        Craig W. Haller, AUSA

        (via CM/ECF)